**UNITED STATES of America, Appellee**

v.

**Troy Alan LEWIS, Appellant.**

No. 11–3104.

United States Court of Appeals, District of Columbia Circuit.

March 25, 2013.

Rehearing En Banc Denied May 3, 2013.

USAO Appellate Counsel, Patricia Ann Heffernan, Elizabeth Trosman, Esquire, Tricia Dianne Francis, Julieanne Himelstein, Ronald C. Machen, Jr., Esquire, John Perry Mannarino, U.S. Attorney's Office, Washington, DC, for Appellee.

Vincent Jankoski, Vincent A. Janoski, Esquire, Silver Spring, MD, for Appellant.

Before: GARLAND, Chief Judge, KAVANAUGH, Circuit Judge, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs submitted by the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The

court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Troy Alan Lewis appeals the district court's order denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for attempted coercion and enticement of a minor. *See United States v. Lewis,* 824 F.Supp.2d 169 (D.D.C. 2011). Lewis argues that trial counsel rendered ineffective assistance. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We see no sound basis for Lewis' claim.

Under the circumstances of this case, trial counsel's failure to move to dismiss on Speedy Trial Act grounds did not fall below an "objective standard of reasonableness," 466 U.S. at 687–88, 104 S.Ct. 2052. Trial started on September 10, 2007, the earlier of two possible trial dates to which Lewis' counsel agreed in advance, having voiced a desire for a September date in order to ensure that he would be ready for the trial, 5/24/07 tr. 14–15 (J.A. 174–75). Moreover, as the district court noted, *Lewis,* 824 F.Supp.2d at 174 n. 1, it is very unlikely that if Lewis had moved to dismiss on STA grounds, the case would have been dismissed with prejudice, *see* 18 U.S.C. § 3162(a)(2).

Lewis' argument that trial counsel unreasonably failed to pursue possible violations of the Posse Comitatus Act and/or 10 U.S.C. § 375 on the part of the Naval Criminal Investigative Service (NCIS) likewise fails, because Lewis was on active duty with the Navy at the time, *Lewis,* 824 F.Supp.2d at 174; *see, e.g., United States v. Chon,* 210 F.3d 990, 994 (9th Cir.2000), and because he can show no likelihood that suppression of evidence would have been an available remedy even if a violation had occurred, *see United States v. Yunis,* 924 F.2d 1086, 1094 (D.C.Cir.1991). Finally, Lewis' argument that counsel should have objected to the introduction of certain evidence contained on a computer hard drive is without merit. Although there was a minor discrepancy about the drive's brand name in the FBI's examination notes, the notes reported the drive's unique serial number consistently. Accordingly, counsel did not, as Lewis suggests, act unreasonably in failing to dispute that "as a matter of reasonable probability, possibilities of misidentification and adulteration ha[d] been eliminated," *United States v. Mejia,* 597 F.3d 1329, 1335–36 (D.C.Cir.2010) (internal quotation marks omitted).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).